## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| KATHRYN G. REEVES, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-12-CV-847-XR |
| § | |
| JPMORGAN CHASE BANK, NATIONAL § | |
| ASSOCIATION; CITIBANK, N.A.; § | |
| SUNTRUST MORTGAGE, INC.; U.S. § | |
| BANK NATIONAL ASSOCIATION; § | |
| HOME LOAN CORPORATION; and | |
| MICHAEL L. REEVES, | |
| | |
| *Defendants.* | |

### ORDER

On this day the Court considered Plaintiff's motion for temporary restraining order (Doc. No. 12). After careful consideration, the Court finds that it lacks jurisdiction over this case because there is not complete diversity among the parties. Accordingly, the Court REMANDS the case to state court.

### I. Background

**<u>A. Factual Background</u>**

Plaintiff Kathryn Reeves ("Plaintiff") and her husband, Defendant Michael Reeves ("Michael"), bought a house in San Antonio, Texas, in 2005. (Mot. TRO ¶ 21, Doc. No. 12). Michael handled the purchase and financing of the house, as was the couple's custom and due to the fact that Plaintiff has serious vision problems.[1] After the couple moved into the home, Michael continued to pay the couple's bills and expenses, including the mortgage payment on the property. (*Id.* ¶ 25).

---

[1] Plaintiff has had vision problems all of her life and has been considered legally blind since 2003. (*Id.* ¶ 22).

Michael filed for a divorce in September 2010. (*Id.* ¶ 26). When he filed for divorce, Plaintiff learned that Michael had applied for two mortgages on the property in her name only. (*Id.* ¶ 26).[2] Plaintiff also discovered that the Loan Application for the mortgages contained several inaccuracies. Specifically, the Loan Application erroneously stated that she had been an owner of a corporation for fifteen years, that she was earning a salary of $26,500 per month, that she owned stocks and bonds valued at $50,000, that she and Michael intended to lease their previous home, and that she had conducted a face-to-face interview with an agent of Home Loan Corporation when she entered into the contract. (*Id.* ¶ 26). Additionally, Plaintiff alleges there are two deeds of trust, both dated August 27, 2005, that contain a notary's acknowledgement that both Michael and she signed the deeds. (*Id.* ¶¶ 27-28). Plaintiff claims that she could not have possibly signed the deeds because she was in a different city on the date the deeds were signed and, additionally, because she has never met the notary who verified her signature. (*Id.* ¶¶ 27-28).

Since the divorce, Michael has stopped paying for everything. (*Id.* ¶ 31). Plaintiff has had no means of support and no way to pay the monthly payments on the mortgages. (*Id.* ¶ 31). Plaintiff contends that a temporary restraining order is necessary in order to prevent the mortgage servicers from posting the property for foreclosure sale. (*Id.* ¶ 62).

## B. Procedural Background

Plaintiff, a citizen of Texas, filed her petition in state court on August 31, 2012. The state court granted her request for a temporary restraining order that same day and then subsequently extended the restraining order until September 27, 2012. Defendant SunTrust

---

[2] The first lien is currently held by Citibank, N.A. as Trustee and serviced by JPMorgan Chase Bank. The second lien is currently held by U.S. Bank National Association as Trustee and serviced by SunTrust Mortgage, Inc. (*Id.* ¶ 31).

removed the action on September 12, 2012, based on diversity jurisdiction, before any Defendant had been served. SunTrust asserted that complete diversity exists because Defendant Home Loan Corporation ("HLC"), who was alleged to be a citizen of Texas, was improperly joined.

## II. Jurisdiction

### A. Complete Diversity of Citizenship

For a court to have jurisdiction over a case pursuant to 28 U.S.C. § 1332(a), there must be "complete diversity of citizenship." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (citation and internal quotation marks omitted).

When evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served. *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). Thus, **"**[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Id.* "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."[3]

Here, Plaintiff is a citizen of Texas, residing in Bexar County, Texas. Defendant HLC is also a citizen of Texas, as it was incorporated in Texas. Because Plaintiff has alleged a good

---

[3] The 2011 amendments to the Federal Rules of Civil Procedure do not appear to have altered this precedent. *See Lapkin v. AVCO Corp. ex rel. KS Gleitlager USA, Inc.*, Civ. A. No. 3:11-CV-3424-L, 2012 WL 1977318, at *3 (N.D. Tex. May 31, 2012) ("[T]he citizenship of all parties named, served or unserved, must be considered to determine diversity.") (citing *N.Y. Life Ins. Co.*, 142 F.3d at 883); 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3723 (4th ed. 2012) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court. It is insufficient, for example, that service of process simply has not been made on a non-diverse party[.]").

faith cause of action against HLC, complete diversity is lacking and it makes no difference that HLC has not yet been served.[4]

## B. Improper Joinder

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). A diverse defendant may establish improper joinder by "showing 'the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In other words, the test for improper joinder is whether the defendant has demonstrated "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573).

Here, the Court must only consider whether HLC is improperly joined because HLC is the only non-diverse defendant. Defendants contend that HLC is improperly joined because it is a mere nominal defendant and because all of Plaintiff's causes of action against it are barred by the statute of limitations. (Not. Removal ¶¶ 8-11, Doc. No. 1). Because Plaintiff specifically alleges that HLC forged her signature on the Loan Application and on the deeds of trust, HLC cannot be characterized as a nominal party. Thus, the Court turns to Defendants' second argument.

Defendants contend that Plaintiff's fraud claim is barred by the statute of limitations. Specifically, Defendants contend that a four-year limitations period began to run when the

---

[4] Plaintiff alleges that HLC knowingly took advantage of Plaintiff's disability in violation of Chapter 301 of the Texas Property Code and that HLC committed fraud. (Mot. TRO ¶¶ 35,55, Doc. No. 12).

4

liens were executed on August 27, 2005. (Mot. Dismiss 10, Doc. No. 8). Since Plaintiff did not file suit until August 2012, Defendants contend that her fraud claims are barred.

Defendants, however, overlook the possibility that the statute of limitations might have been tolled. For example, fraudulent concealment might apply in this case.

Fraudulent concealment is a fact-specific equitable doctrine that may extend the limitations period. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011). Under Texas law, a defendant's fraudulent concealment of wrongdoing may toll the statute of limitations until the fraud is discovered or could have been discovered with reasonable diligence. *Id.*; *see also USPPS, Ltd. v. Avery Dennison Corp.*, 326 F. App'x 842, 850 (5th. Cir. 2009) (unpublished per curiam opinion) (noting that while the Texas Supreme Court has not applied the discovery rule where injured parties could have exercised reasonable diligence based on information or records available at the time, these cases have arisen in a summary judgment context where the applicable standard was "whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law" as opposed to a 12(b)(6) standard).

In this case, it appears that fraudulent concealment could apply to toll the limitations period for Plaintiff's claims against HLC. Plaintiff alleges that the first time she learned that the mortgages were in her name was when her husband filed for divorce in September 2010. Thus, because Plaintiff might be able to show that fraudulent concealment applies in this case to toll limitations, the Court cannot find that Plaintiff's claims against HLC have no reasonable basis. Accordingly, the Court cannot find that HLC has been improperly joined.[5]

---

[5] To be sure, the Court does not find that Plaintiff will necessarily be successful in tolling the limitations period, either based on a theory of fraudulent concealment or otherwise. Rather, the Court is merely persuaded that

### III. Conclusion

The Court finds that there is not complete diversity among the parties because HLC, a non-diverse defendant, is not improperly joined. Therefore, the Court lacks jurisdiction to hear the case.

Accordingly, the Court REMANDS the case to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction and without addressing the merits of Plaintiff's motion for temporary restraining order (Doc. No. 12) or any of the pending motions to dismiss.

It is so ORDERED.

SIGNED this 28th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

fraudulent concealment may plausibly apply to toll the limitations in this case. As such, the Court cannot find that HLC has been improperly joined.